**KOLLER et ux. v. AMERICAN SURETY CO. OF NEW YORK.**

No. 9506—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

**Principal and Surety—Surety Bonds—Indemnity Bonds — Liability — Consideration.**

Record examined, and held: (1) That the surety bond executed by the plaintiff was not a continuing obligation except by the yearly issuance of continuance certificates; (2) that the indemnifying bond executed by the bank and the note and mortgage executed by the defendants in lieu thereof were supported by valuable consideration.

Error from District Court, Kay County; William M. Bowles, Judge.

Action by the American Surety Company of New York against John H. Koller and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

Sam K. Sullivan and J. H. Hill, for plaintant in error.

Wilson, Tomerlin & Threlkeld, for defendants in error.

KANE, J. This was an action upon a promissory note and to foreclose a mortgage given to secure the payment thereof, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendants," respectively, as they appeared in the trial court.

At the conclusion of the trial each of the parties moved the court for a directed verdict in his favor, after the consideration of which the court sustained the motion of the plaintiff and directed the jury to return a verdict in its favor, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The facts necessary for a determination of the questions presented for review may be briefly summarized as follows:

In 1909 the plaintiff executed a surety bond in the sum of $5,000 to the county commissioners of Kay county, for the purpose of indemnifying said county against any loss which it might suffer by reason of carrying a deposit of public funds in the Ponca State Bank, which bond contained the following provision:

"This obligation may be continued from year to year by continuation certificates signed by the surety, by its president or one of its vice presidents, under seal, attested by its secretary or one of its assistant secretaries or one of its attorneys."

After there had been three continuances from year to year in pursuance of this provision, application was made by the bank for a fourth continuance, upon receipt of which the manager of the company at Oklahoma City wrote the bank as follows:

"Some time ago Mr. James Q. Louthan, our attorney at your city, sent us your supplemental application for the renewal of the above bond, but did not return the indemnity agreement, which had been sent him and which it is necessary that we have before we can renew this bond This is owing to the decision of our Supreme Court in relation to the nonsubrogation of the surety upon a depository bond for a state bank to the rights of the depositors in case of the failure of the bank. Won't you please complete and return this agreement at your earliest convenience in order that we may renew your bond?

"In any event be good enough and advise us as to your wishes in the premises, and oblige. * * *"

The indemnity bond furnished in response to this letter not meeting the approval of the manager, he again wrote to the bank as follows:

"Referring to the above depository bond and your request for the renewal of the same, I find it necessary to send you another indemnity agreement for execution, as the one forwarded was not properly completed. In the first place, Mr. Koller, one of the directors, did not execute it. This will be necessary. Of course, it should also be executed by yourself and Mr. Long. Then on the back of the agreement each one of the parties signing should qualify opposite his signature.

"I further have to ask you to be good enough and send me an up-to-date statement of the condition of the bank.

"Assuring you of our best attention to this matter upon the return of the agreement and the financial statement, I am, * * *"

Upon receipt of this letter the bank forwarded to the manager of the plaintiff an indemnity bond properly executed and signed, among others, by the defendant John H. Koller, by the terms of which the indemnitors agreed to save the plaintiff harmless from any loss or damage which it might sustain by reason of becoming surety for the Ponca State Bank. After receiving this indemnity bond the surety bond was duly continued as formerly.

Some time after the execution and delivery of this indemnity bond the bank became insolvent, whereupon the board of county commissioners made demand upon the plaintiff to repay them the loss it had sustained by reason of its deposit with the bank in accordance with the terms of the surety bond executed by plaintiff. Thereupon the plaintiff called upon the defendant John H. Koller to save it harmless in accordance with the terms of the indemnity bond. After some two or three days of negotiation between the manager of the plaintiff and Mr. Koller and his wife, who were represented by counsel, the note and mortgage sued on herein were executed and delivered to the manager. Mr. Koller testified that the manager advised him that he, Koller, was liable upon the indemnity bond signed by him and that unless he paid the $5,000 which the plaintiff was required to pay the county commissioners or give a note secured by a mortgage upon certain real estate owned by Koller, the plaintiff would commence legal proceedings against him and take all his property away from him.

While counsel for plaintiffs in error present many grounds for reversal in their assignments of error, they summarize them all in their brief within three propositions,

which they further summarize in their argument to one main proposition which they state as follows:

"There was no consideration for the so-called indemnity bond given by the plaintiff in error, John H. Koller, and C. R. Walterhouse, and Paul Long, to the defendant in error, for the purpose of indemnifying the defendant in error for a bond made in April, 1909, the said so-called indemnity bond having been made by the said Koller, Walterhouse, and Long in 1913, there being no consideration for the so-called indemnity bond at the time it was made to indemnify the surety bond made by the defendant in error. The American Surety Company, four years prior thereto; that there was no present consideration for said indemnity agreement; that there was no agreement upon the part of the American Surety Company, the defendant in error, to do anything beneficial either for the Ponca State Bank or for the plaintiffs in error, John H. Koller and Daisy Koller, or to refrain from doing anything beneficial or detrimental to the Ponca State Bank or the plaintiffs in error; that therefore, there was an absolute want of consideration and the contract of indemnity was void for want of consideration."

Obviously this contention was based upon the assumption that the surety bond was a continuing obligation upon which the plaintiff was liable until it gave notice of the termination of the suretyship. This is apparent from the assertion often made by counsel in their brief that:

"Nothing was suffered or forborne by the American Surety Company, as they were liable on their bond until they served notice upon the commissioners or some officer of Kay county that they would no longer be liable upon this bond. This they never did and never attempted to do; and the only thing that they ever did was to ask Koller to sign this indemnity bond, through Mr. Walterhouse, and he signed it without knowing what he signed and was thunderstruck when he found that he had signed it. They didn't promise to do anything if he did sign it; they didn't say they wouldn't continue the bond if he didn't sign it; neither did they say they would continue the bond if he signed it, and the fact that he did sign it and the fact that they did continue the bond does not bind Koller."

We are unable to agree with counsel in any of these conclusions. In the first place, the surety bond executed by the plaintiff was not a continuing obligation which remained in force until notice of termination was served. The bond became inoperative at the expiration of thirteen months from the date of its execution, unless extended under the continuance clause, by virtue of the third paragraph thereof, which provides:

"That no suit, action, or proceeding shall

.be brought or instituted against the surety upon or by reason of any default of the principal after the expiration of thirty days after such default, nor, in any event, after the 20th day of May, 1910."

It is true that the fourth paragraph of the bond provides a means whereby the plaintiff could terminate its suretyship at any time by serving notice of its intention so to do upon any one of the officials of Kay county or any one upon whom a notice may be served according to law. But the only purpose of this clause was to give the plaintiff the right of terminating its suretyship before the expiration of the stipulated term. In other words, unless notice is given terminating the suretyship at an earlier date, the bond terminates by its own terms at the end of each continuance period. As in these circumstances the plaintiff was at liberty to refuse further extension, it cannot be said that in making the fourth and subsequent continuance it did only what it was required to do by the terms of the bond itself, as contended for by counsel for the defendants. Neither can we agree with counsel in their conclusion that the evidence adduced at the trial tended to show that the plaintiff did not require the bank to execute the indemnifying bond as a condition precedent to its further continuance of the surety bond. In the first letter hereinbefore set out, the manager of the plaintiff said that it was necessary to return the indemnity agreement "before we can renew this bond." In the second letter the manager not only stated that indemnity was required but that in order to make the bond complete it must be signed by the defendant Koller, who was a director and officer of the bank. The trial court construed these letters, in connection with the other evidence, to mean that the plaintiff would not continue the surety bond unless the bank furnished an indemnifying bond signed by Mr. Koller, and we are of the opinion that the evidence reasonably tends to support this conclusion. In these circumstances it cannot be said that the indemnity agreement was not supported by a valuable consideration. Having reached this conclusion, of course it follows that the note and mortgage executed by the defendants in lieu of the indemnity agreement were also supported by a valuable consideration. As there is no controversy between counsel over any particular propositions of law, but merely a difference of opinion as to the sufficiency of the evidence to show consideration, no citation of authorities becomes necessary.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.